## Case No. 15,155.

UNITED STATES v. FOX.

[Deady, 579; 11 Int. Rev. Rec. 36.] [1]

District Court, D. Oregon. May 15, 1869.

INTERNAL REVENUE — PENAL ACTION — ORIGINAL PACKAGES—NEW TRIAL—VERDICT.

1. The verdict of a jury is presumed to be correct and should be sustained, if the evidence by any fair construction will warrant such finding.

2. Goods are sold "in the original and unbroken package" within the meaning of the act of July 13, 1866 (14 Stat. 144), although the package is opened for inspection, if closed again before delivery without the contents being changed.

3. When the verdict of a jury is directly contrary to the evidence and the law applicable thereto, it is the imperative duty of the court to set it aside; and it makes no difference in this respect that the action is brought to recover a penalty given by statute.

4. What is called "the justice of the case" on a motion for a new trial is not affected by the fact that a moiety of the penalty recovered will go to the person who gave information of the violation of the law, whereby such penalty was incurred.

At law.

John C. Cartwright, for the motion.
David Logan, contra.

DEADY, District Judge. On February 11, 1869, the plaintiff commenced this action to recover from the defendants the sum of $1,300 penalties. The complaint contains three counts. The first charges that the defendants at Corvallis on July 8, 1868, sold twelve bottles of pomade, without the same being duly stamped. The second charges at the place and date aforesaid the sale of twelve bottles of hair oil, without the same being duly stamped; and the third count is upon the sale of two bottles of Lubin's Extract without being stamped. On March 10, 1869, the defendants answered the complaint, and thereby denied that they sold the several articles mentioned in the complaint without the same being duly stamped. On May 4, 1869, the case was tried before a jury, which resulted in a general verdict for the defendants. On May 5, the district attorney filed a motion for a new trial, which motion on the following day was argued by counsel and taken under consideration by the court.

On the trial the government witness—Leander Quivey—testified that at the time and place mentioned in the complaint, he purchased the articles therein specified of the defendant E. Fox, in the store of E. Fox & Bros., and that the same or any of them were not stamped. That at the time the witness, in company with one Culpepper, was traveling through the Wallamet and Umpqua valleys, purchasing these and similar articles at the various stores along the route,

[1] [Reported by Hon. Matthew P. Deady, District Judge, and here reprinted by permission. 11 Int. Rev. Rec. 36, contains only a partial report.]

for the purpose of causing actions to be brought against the sellers, to recover the penalties given by law against the persons who sold perfumery, sardines, etc., without the same being duly stamped. That the witness was induced to this, in the expectation of obtaining a moiety of the penalties that might be recovered and for the purpose of compelling the defendants and others engaged in selling unstamped goods, to obey the law. The articles said to have been purchased by the witness, were produced by him before the court. These were a small wooden box containing 12 one ounce and a half bottles of hair oil, and a similar box, somewhat larger, containing 12 bottles of pomade, and 2 bottles of Lubin's Extract. None of the bottles produced were stamped or appeared ever to have been stamped. The boxes were evidently the original packages in which the goods were packed by the manufacturer. In the inscription upon the bottles and the brand upon the boxes there was evidence tending to show that the goods were of French manufacture, and therefore "imported articles." In relation to the circumstances of the purchase, the witness, Quivey, testified that he purchased these articles of the defendant E. Fox. That before the purchase was made, and while the witness was bargaining for the goods, E. Fox opened both the boxes, so as to enable the witness to examine one or two bottles in the small box and five bottles in the larger box. That at the suggestion of Culpepper, who was near by, witness asked Fox to take out three bottles from the larger box and replace them with three smaller bottles of pomade from an unpacked lot of perfumery in bottles, then on the store shelf. That Fox made the exchange as required, when the purchase was completed and Fox nailed up the boxes and delivered them to the witness. who paid him for them. At the same time the witness purchased the two bottles of Lubin's Extract, which Fox took from the shelf. The witness also produced a bill of these articles, made out to himself, dated "Corvallis, July 8, 1869," and receipted in the name of "E. Fox & Bros.," which he testified was written and delivered to him by Fox at the time of the purchase. In this bill, the, pomade is charged in two lots—three quarters of a dozen at $3.50 per dozen, and one quarter of a dozen at $2.50 per dozen, thus corresponding to the statement of the witness, that there were nine large and three small bottles of that article. E. Fox, one of the defendants, testified that about July, 1868, at Corvallis, he sold Quivey two boxes of perfumery and two bottles of Lubin's Extract. That the boxes were similar to those produced in court, but could not say positively that they were the same ones. That he opened both the boxes that he sold to Quivey and showed him the contents and then nailed them up again. That before closing one of the boxes he took out three of the bottles and took three bottles off the shelf and

put them in the box in place of those taken out. That the two bottles of Lubin's Extract and three bottles of pomade taken off the shelves were stamped, but that the oil and pomade originally in the boxes were not stamped. O. Fox, the brother of E. Fox, testified that he was employed in defendant's store at the time of purchase, and had been for three years previous. That he was not very near to his brother when the sale was made, but that he was in the store and saw that his brother was selling perfumery, some in boxes and some by the bottle. That he did not observe whether the bottles were stamped or not, but he was certain that they were, because he knew that all the bottles on the shelves were stamped.

This action is brought upon the internal revenue act of July 13, 1886 (14 Stat. 144). It substantially provides that any person who shall make, prepare and sell, or remove for consumption or sale, among other things, any perfumery, whether of foreign or domestic manufacture, without affixing a proper stamp thereon, shall incur a penalty of fifty dollars for every such omission; and that any person who shall offer or expose for sale any such perfumery shall be deemed the manufacturer thereof: provided, that when imported perfumery shall be sold in the original and unbroken packages in which the bottle or other enclosure was packed by the manufacturer, the person so selling such article shall not be subject to any penalty on account of the want of the proper stamp.

The grounds of the motion for a new trial as stated therein, are: (1) That the evidence is insufficient to justify the verdict; and, (2) That it is against law, and contrary to the instructions of the court. For either of those causes, when the material rights of a party are substantially affected thereby, the court may and should, upon the motion of the party aggrieved, set aside the verdict. Code, Or. 197.

As to the second and third counts of the complaint, this motion must be denied. Upon the question of whether the two bottles of Lubin's Extract were stamped or not, there was conflicting evidence nearly balanced. The verdict of a jury is presumed to be correct, and should be sustained by the court, if the evidence by any fair construction will warrant such a finding. 3 Grah. & W. New Trials. 1239, 1240. Upon this conflict of testimony, the jury were entitled to decide this question of fact, and the court ought not to disturb their verdict, although it might have come to different conclusions from the same premises.

As to the twelve bottles of oil contained in the smaller box. there was no conflict in the testimony, and the verdict in this respect corresponds with the evidence and the instructions of the court. It was manifest that this box was an original package, within the purview and reason of the proviso to section 169. What constitutes such an original package,

must depend in a great measure upon the circumstances of the particular case. It is apparent that the object of the proviso was to relieve the importer and jobber from the trouble and expense of opening the package immediately enclosing the bottle or other article, and stamping it, and then repacking it. But whoever sells these goods in broken packages, is not within the reason of the proviso. He can stamp them without any unnecessary inconvenience or expense, and he must do it or incur the penalty for the omission. Although the top of this box was taken off by the defendant Fox, it was only for the purpose of enabling the witness Quivey to ascertain the kind and quality of its contents, and before the sale and delivery to him it was put on again, with the contents unchanged in kind or quantity. Under these circumstances the defendant must be considered as selling an unbroken package, the contents of which were not then required to be stamped; and to this effect the court instructed the jury on the trial. Then the only remaining inquiry is, was the package imported? Upon this point the evidence was weak; but from the label on the bottles and the brand on the box, in the absence of anything to the contrary, the jury were warranted in finding in the affirmative of this question. But as to the count upon the 12 bottles of pomade, this verdict must be set aside. True, as to the three bottles which were taken from the shelf and placed in the box, there was a conflict of testimony, as to whether they were stamped or not. But as to the nine bottles, which were a part of the original contents of the package, there is no conflict of testimony. The evidence of the government witness and the defendant agree in every particular. The package was opened, and three bottles being taken out of it, it was sold with only the remaining nine bottles in it. This was a broken package, and so the court instructed the jury. In this respect, this verdict is directly contrary to the evidence and the law. It is therefore the imperative duty of the court to set it aside. But it is said that this is a penal action—for a penalty—and therefore the court should not disturb the verdict, however plainly against the evidence and law. The provisions of the Code, however, relating to new trials, make no such distinction, nor is there any good reason why they should. The rule prescribed is uniform, whether the action be for a penalty or upon a contract. If the evidence be insufficient to justify the verdict, or the same be against law, it should be set aside.

It may be here admitted, that what is sometimes called "the justice of the case," is also to be considered by the court upon an application for a new trial. But what is this "justice of the case," unless it be the rights which the law would give or withhold from the parties, regardless of any technical advantage which one may chance to obtain over the other. Considered in this light, "the jus-

tice" of this case is with the plaintiff, so far as the penalties arising from the sale of the nine unstamped bottles of pomade is concerned. The defendant, upon his own testimony, sold them in a broken package without stamps, and thereby incurred these penalties, which the United States has a good right to recover from him as he has to the profits of the sales of his goods. Nor is the "justice of the case" in any manner affected by the fact, that the United States has seen proper to provide, that a moiety of these penalties, when recovered, shall be given to the person who gave information of the violation of the law, by which they were incurred. With the policy or impolicy of imposing these penalties the court has nothing to do. Whoever has incurred them without fraudulent intent or gross negligence may have them remitted by applying to the secretary of the treasury. But, when in a court of law, the illegal sale of unstamped goods is shown, as in this case, by clear and unquestioned evidence, the verdict should be given accordingly, and if for any reason it is not, the court will not hesitate to set it aside as erroneous. Upon the power of the court to set aside a verdict in an action for a penalty, independent of the Code, see U. S. v. Halberstadt [Case No. 15,276].

An order will be made refusing the motion for new trial, as to the second and third counts, and setting aside the verdict as to the first count, provided that the plaintiff will file a written admission for the purpose of a new trial, that three of the bottles described in said count were duly stamped.